Dear Mr. Karam:
This office is in receipt of your request, on behalf of the Allen Parish Tourist Commission, for an Attorney General's opinion regarding the legality of certain expenditures that the Commission may undertake in its efforts to promote tourism in Allen Parish. Specifically, you ask whether the Commission can provide Cajun food at Parish events such as the Mainstreet Bicycle Tour and Franco Fete, and whether the Commission can provide bus transportation and sightseeing tours for groups of tourists, in an attempt to give them a "Cultural Experience". Your letter indicates your awareness that if the Commission acts beyond the scope of its authority, it may violate La. Const. Art. VII, Sec. 14, which generally prohibits the state and its political subdivisions from donating things of value to or for any person, association or corporation, public or private.
Attorney General's Opinion No. 98-311, previously released by this office to the Allen Parish Tourist Commission, is pertinent to the issues you have raised for our review. Therein, we recognized the authority of the Allen Parish Tourist Commission to "do all things necessary for the promotion of and the advertisement and publication of all information relating to tourist attractions in Allen Parish" in accordance with La. R.S. 33:4574(B). Pertinently, that opinion provides:
 "It is the opinion of this office that there is a distinction between promotion of tourism through promotion of tourist attractions and advertising and publishing information relating to those attractions and producing or creating tourist attractions. This distinction is evidenced by the prohibition against the Tourist commission engaging in activities which would result in competition with local retail businesses or enterprises found at La. R.S. 33:4574(E).
 "The distinction is not always easily determined and is best made by the Tourist Commission as a whole on a case-by case basis. In your letter, you provided examples that may be helpful in providing guidance. One example was production of radio shows promoting attractions in Allen Parish. Such activity seems to fall within the scope of `advertisement and publication of information relating to tourist attractions'. Another example you provided was the purchase of canoes so a canoe race could be held. Here, the event would be the canoe race, which would not occur unless the Tourist Commission supplied the canoes. Consequently the Tourist Commission would be involved in creating the event, not just promoting it. Another example you provided, purchasing Christmas lights and letting area communities use them, presents a more difficult question. While the lights may draw sightseers into the Parish and thus, in a sense promote tourism, the lights themselves constitute a "tourist attraction". As you can see, the distinction in this case becomes somewhat blurred. The Tourist Commission should make the determination as to whether the primary purpose of such displays would be to promote tourism by dissemination of information about area attractions or to be a tourist attraction in and of itself."
Based upon the reasoning set forth in Attorney General's Opinion No. 98-311, it is the opinion of this office that the Allen Parish Tourist Commission does not have the authority to "create" tourist attractions or events. Rather, the Commission's authority with regard to such events is limited to the promotion or advertisement of Allen Parish's tourist attractions and events, and the dissemination of information about area attractions. As such, it is our opinion that the Commission should not provide food for area events and festivals, nor can it provide transportation or tours for area tourists in order to provide them with a `cultural experience". While we agree that such endeavors may "promote" Allen Parish, such activities appear to be tourist attractions in and of them selves. In accordance with Opinion No. 98-311, the Commission should publicize and promote such activities, rather than engage in the creation of tourist attractions.
We trust the foregoing to be of assistance. If we can be of help with other areas of the law, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:dra